## In re David Serber.

*David Serber, pro se.*

GORDON, JR., J., Jan. 5, 1931.—This is a rule for discipline of an attorney. On Dec. 12th of last year Mr. Serber, the respondent, instituted an action in ejectment in the case of the New Era Building and Loan Association *v.* Union Bank & Trust Company of Philadelphia, which, under Rule 1 of the Rules of Court, was assigned, by being put through the prothonotary's wheel, to Court of Common Pleas No. 1. On Dec. 15th, or three days later, Mr. Serber filed with the prothonotary a præcipe for a writ in ejectment in the same case, which was assigned by lot under Rule 1 to this court. The two suits upon the same cause of action having thus been begun in different courts, nothing further was done in the case in the Court of Common Pleas No. 1; but in that assigned to this court, a declaration in ejectment was filed on Dec. 17th. Upon discovery of these facts by the prothonotary who called them to our attention, we entered against the respondent the rule for discipline now before us, in which we set forth the facts and stated, as our reason for entering the rule, that "It would appear from the aforesaid facts and circumstances that the institution by the said attorney of the subsequent proceedings in this court was in violation of Rule 1 of the Rules of Court and constituted an

attempt to evade the requirement of said rule that cases be assigned to the various courts by lot." To this rule the respondent made answer, admitting the facts recited, and candidly stating that his purpose in instituting the second proceeding was to avoid having his case heard by the Court of Common Pleas No. 1, since that court had previously decided the fundamental and controlling question involved in the case adversely to the interests of the plaintiff, while other courts of this county have decided the question in his client's favor. He frankly acknowledges his error, and it is only fair to state in his favor that he has not disingenuously endeavored to shield himself behind the transparently false excuse of the mistaken issuance of two writs by a subordinate which has been so frequently advanced by certain other attorneys in similar cases. His answer, however, amounts to a confession that he was deliberately seeking to circumvent the requirements of the rule and to control the selection of the court in which his suit should be heard. For an officer of a court to endeavor, by such stratagem, to obstruct and prevent the operation of a rule of his court and by artful practices to secure for himself or his client a preferential treatment of his case is a want of fidelity to the court so clear as to need no demonstration. Nevertheless, an apparent attitude of hostility to this rule for the assignment of cases by lot has been displayed among some members of the bar, which makes it necessary for us to indicate our strong disapproval of all attempts to evade its mandate. Numerous cases of this character have arisen since Rule 1 was promulgated, and the quiet and kindly admonition of the offending attorneys in chambers does not seem to have been effective to put a stop to the practice. More vigorous measures, therefore, seem to be necessary to secure obedience to this rule as well as all rules of court by some attorneys. However, in view of the comparatively short time in which the present practice of assigning of cases has been in force, we are not disposed to do more in the case before us than to reprimand the respondent and to state that, should the occasion arise hereafter, more drastic means will be adopted to compel complete and absolute obedience to this rule.

The rule for discipline of the respondent is, therefore, discharged.